**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CORY WALKER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ATLANTIC COUNTY PROSECUTOR'S : <br> OFFICE, et al., : <br> Defendants. : | Civil No. 10-6208 (NLH) <br><br> **OPINION** |

**APPEARANCES**:

    CORY WALKER, Plaintiff <u>pro se</u>
    #186139
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

    Plaintiff, Cory Walker, a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the Complaint should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.  BACKGROUND

Plaintiff, Cory Walker ("Walker"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the Atlantic County Prosecutor's Office, Theodore F.L. Housel, head prosecutor; the Atlantic City Police Department; and the Atlantic County Jail.  (Complaint, Caption and ¶ III.B).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Walker alleges that he has been held at the Atlantic County Justice Facility for more than six months by the defendant for a crime he did not commit.  He claims that he was not in the area of the crime when it happened and that he has "alibis and witnesses to prove [his] story."  (Complaint, ¶ IV).  Walker alleges that the prosecutor refuses to talk to the witnesses. (Id.).  He makes no allegations against the defendants Atlantic City Police Department and the Atlantic County Jail.  He generally asserts a claim of malicious prosecution and false imprisonment.

Walker asks for his immediate release from custody[1] and for monetary damages to compensate him for the time he has been falsely incarcerated. (Compl., ¶ V).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all

---

[1] The Court notes that any claim for release from custody is more properly asserted in a petition for a writ of habeas corpus, and not in a civil complaint for damages.

3

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during

4

detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

---

[2]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

5

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 578 F.3d

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, see Erickson v. Pardus, 551 U.S. 89 (2007), a principle we apply even after Iqbal.  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Walker names the Atlantic County Jail as a defendant in this action. However, the Atlantic County Jail must be dismissed from this lawsuit because it is not a "person" subject to liability under § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a person under § 1983).; Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). The Court turns now to discuss the claims asserted by plaintiff as against the remaining named defendants.

8

IV.   ANALYSIS

A.   Prosecutorial Immunity

Walker appears to assert a claim against the prosecutor defendants, the Atlantic County Prosecutor's Office and Theodore F.L. Housel, with respect to their prosecution of plaintiff. To the extent that Walker is asserting that these defendants violated his constitutional rights in his ongoing prosecution of plaintiff, such claim must be dismissed.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her

9

provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).  See also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately withhold exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

    Here, Walker's general allegations against the prosecutor defendants plainly fall within the scope of their prosecutorial duties in initiating and pursuing a criminal prosecution against plaintiff.  There are no allegations that appear to fall outside the scope of the defendants' prosecutorial role, and this Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct of any kind.

10

Accordingly, the claim against the prosecutor defendants for their conduct and actions during the investigation, indictment and prosecution of plaintiff must be dismissed with prejudice for failure to state a cognizable claim under § 1983.

Moreover, even if Walker had pleaded facts establishing an actionable claim of prosecutorial misconduct, which the Complaint does not, such claim must first be raised in plaintiff's ongoing state criminal proceedings.  A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  See <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

To the extent that Walker's state criminal trial is no longer pending, and he has been sentenced on any state charges, which also is not apparent from the Complaint, any claim of prosecutorial misconduct in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Therefore, plaintiff's Complaint asserting any liability against the prosecutor defendants under § 1983 must be dismissed in its entirety.

11

B.  <u>Malicious Prosecution</u>

It next appears that Walker is attempting to assert a general claim of malicious prosecution by the defendants, Atlantic County Prosecutor's Office, Theodore F.L. Housel, and the Atlantic City Police Department.  A constitutional claim for malicious prosecution in the Third Circuit requires a plaintiff to establish five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." <u>Kossler v. Crisanti</u>, 564 F.3d 181, 186 (3d Cir. 2009)(citing <u>Estate of Smith v. Marasco</u>, 318 F.3d 497, 521 (3d Cir. 2003)).  <u>See</u> <u>also</u> <u>Johnson v. Knorr</u>, 477 F.3d 75, 81–82 (3d Cir. 2007); <u>Pittman v. Duffy</u>, 240 Fed. App'x. 524, 526 (3d Cir. 2007); <u>Helmy v. City of Jersey City</u>, 178 N.J. 183, 836 A.2d 802, 806 (N.J. 2003)(citing <u>Lind v. Schmid</u>, 67 N.J. 255, 337 A.2d 365, 368 (N.J. 1975).  "'Failure to prove any one of these ... elements denies the plaintiff a cause of action for malicious prosecution.'" <u>Wilson v. N.J. State Police</u>, No. 04-1523, 2006 U.S. Dist. LEXIS 60514, *28, 2006 WL 2358349 (D.N.J. Aug. 15, 2006)(quoting <u>Wiltz v. Middlesex County Office of the Prosecutor</u>, No. 05-3915, 2006

U.S. Dist. LEXIS 46821, *24, 2006 WL 1966654 (D.N.J. July 12, 2006)).

The second element of malicious prosecution, favorable termination, is established when the plaintiff is "innocent of the crime charged in the underlying prosecution." <u>Hector v. Watt</u>, 235 F.3d 154, 156 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Freeman v. State</u>, 347 N.J. Super. 11, 27, 788 A.2d 867 (N.J. App.Div. 2002)("The inquiry into whether a termination was favorable focuses on whether it was dispositive as to the accused's innocence of the crime for which they were charged."). "If the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong ...." <u>Pittman v. Metuchen Police Dep't</u>, No. 08-2373, 2010 WL 4025692, at *7 (D.N.J. Oct.13, 2010).

Under New Jersey law, "[a] malicious prosecution action arising out of a criminal prosecution requires proof: (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." <u>Campanello v. Port Auth. of N.Y. & N.J.</u>, No. 07-4929, 2010 WL 3429571, at *2 (D.N.J. Aug.27, 2010)(citing <u>Lind v. Schmid</u>, 67 N.J. 255, 262, 337 A.2d 365 (1975)). It is well settled that in circumstances where a criminal charge is withdrawn or a prosecution is abandoned pursuant to an agreement or compromise with the accused, the

termination is viewed as indecisive and insufficient to support a cause of action for malicious prosecution.  Mondrow v. Selwyn, 172 N.J. Super. 379, 384, 412 A.2d 447 (N.J. App.Div. 1980); Thomas v. N.J. Inst. of Tech., 178 N.J. Super. 60, 61, 427 A.2d 1142 (N.J. Law Div. 1981).

A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998)(quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of his prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

In this case, Walker has not alleged that his state criminal proceedings have been terminated in his favor, a necessary element of a malicious prosecution claim.  Therefore, because the outcome of Walker's state criminal proceedings is not yet determined, any malicious prosecution claim he asserts against defendants, Atlantic County Prosecutor's Office; Theodore F.L. Housel, and the Atlantic City Police Department must be dismissed without prejudice at this time.

The Court further finds that the Complaint must be dismissed without prejudice as against the defendant, the Atlantic City Police Department, because Walker fails to assert any allegations

of wrongdoing or constitutional violations by that defendant.  In fact, the Complaint makes no allegations against the Atlantic City Police Department.  Accordingly, where plaintiff alleges nothing more than mere conclusory statements of liability with no factual support to meet the pleading threshold as set forth in Iqbal, 129 S.Ct. at 1949-50, the Complaint must be dismissed without prejudice, in its entirety, as against defendant Atlantic City Police Department.

## IV.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against defendant Atlantic County Jail, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  Further, plaintiff's claim of prosecutorial misconduct will be dismissed with prejudice, in its entirety as against the named defendants, the Atlantic County Prosecutor's Office and Theodore F.L. Housel, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(B)(2), because it seeks monetary relief from a defendant who is immune from such relief.  Finally, with respect to plaintiff's claim of malicious prosecution, generally asserted against defendants, the Atlantic County Police Department, the Atlantic County Prosecutor's Office and Theodore

15

F.L. Housel, such claim will be dismissed without prejudice for failure to state a claim at this time.  An appropriate order follows.

                                                     /s/ Noel L. Hillman
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: June 13, 2011

At Camden, New Jersey